FILED

'15 FEB 17  PM 3:38

nP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLYNOIND F. DEMERY,<br>Booking No. 14762945,<br><br>                              Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; Dr. ITSHIZEME;<br>RN 3575; RN 3255; CMO JOUSHA,<br><br>                              Defendants. | Civil No.   14cv2551 BEN (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (Docket No. 2)**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Flynoind F. Demery ("Plaintiff"), currently detained at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Docket No. 1).

Plaintiff claims that after he was booked on September 9, 2014, SDCJ officials refused to provide him with the same pain medication he claims he had been prescribed prior to incarceration for a "degenerated knee," osteoporosis, and arthritis. (*See* Compl. at 5).  Plaintiff seeks injunctive relief as well as $400,000 in compensatory and punitive damages.  (*Id.*)

## I.   PLAINTIFF'S MOTION TO PROCEED IFP

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (Docket. No. 2).

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in increments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  28 U.S.C. § 1915(b)(1), (4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  28 U.S.C. § 1915(b)(2).

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

1    In support of his IFP Motion, Plaintiff has submitted a certified copy of his
2    trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule 3.2. The
3    Court reviewed Plaintiff's trust account statement, as well as the attached prison
4    certificate issued by a SDCJ Lieutenant verifying his available balances. Plaintiff's
5    statements show that while he had an average monthly balance of $900 in his
6    account, he had no monthly deposits. Only a $60 balance remained in his account at
7    the time of filing. Thus, while the Court assesses Plaintiff's initial partial filing fee at
8    $180, it directs SDCJ officials to collect that initial amount only if sufficient funds
9    are available at the time this Order is executed.

10    Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, and
11    **DIRECTS** the Watch Commander at SDCJ to garnish the entire $350 balance of the
12    filing fees mandated by 28 U.S.C. § 1914 and forward them to the Clerk of the Court
13    pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

14    **II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A**

15    **A.    Standard of Review**

16    The PLRA obligates the Court to review complaints filed by all persons
17    proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any
18    facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
19    criminal law or the terms or conditions of parole, probation, pretrial release, or
20    diversionary program," "as soon as practicable after docketing." 28 U.S.C. § 1915A.
21    The Court must sua sponte dismiss complaints, or any portions thereof, which are
22    frivolous, malicious, fail to state a claim, or which seek damages from defendants
23    who are immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *see also Rhodes v.*
24    *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)); *Lopez v.*
25    *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)).

26    "[W]hen determining whether a complaint states a claim, a court must accept as
27    true all allegations of material fact and must construe those facts in the light most
28    favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see*

1  *also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

2  § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

3  However, while a plaintiff's allegations are taken as true, courts "are not required to

4  indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

5  (9th Cir. 2009).  Thus, while the court "ha[s] an obligation where the petitioner is pro

6  se, particularly in civil rights cases, to construe the pleadings liberally and to afford

7  the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th

8  Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may

9  not, in so doing, "supply essential elements of claims that were not initially pled."

10  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir.

11  1982).  "Vague and conclusory allegations of official participation in civil rights

12  violations" are simply not "sufficient to withstand a motion to dismiss."  *Id.*

13  **B.     42 U.S.C. § 1983**

14  "Section 1983 creates a private right of action against individuals who, acting

15  under color of state law, violate federal constitutional or statutory rights." *Devereaux*

16  *v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of

17  substantive rights, but merely provides a method for vindicating federal rights

18  elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal

19  quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must

20  show both (1) deprivation of a right secured by the Constitution and laws of the

21  United States, and (2) that the deprivation was committed by a person acting under

22  color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

23  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

24  plead that each government-official defendant, through the official's own individual

25  actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community*

26  *Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984)

27  (concluding that even pro se plaintiff must "allege with at least some degree of

28  particularity overt acts which defendants engaged in" in order to state a claim).

1  "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v.*
2  *United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must
3  be individualized and focus on the duties and responsibilities of each individual
4  defendant whose acts or omissions are alleged to have caused a constitutional
5  deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423
6  U.S. at 370-71).

7       A supervisor is only liable for the constitutional violations of his subordinates
8  if the supervisor participated in or directed the violations, or knew of the violations
9  and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501
10  U.S. 294, 303 (1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  If there is
11  no affirmative link between a defendant's conduct and the alleged injury, there is no
12  deprivation of the plaintiff's constitutional rights.  *Rizzo v. Goode*, 423 U.S. 362, 370
13  (1976).

14       Plaintiff names the Sheriff of San Diego and four other SDCJ officials,
15  including a doctor, the Chief Medical Officer, and two unnamed nurses, as
16  Defendants in the caption of his Complaint.  (Compl. at 1).  However, the body of his
17  pleading contains no "further factual enhancement" which describes how, or to what
18  extent, any of these individuals were actually aware of or took part in any
19  constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
20  *Atlantic v. Twombly*, 550 U.S. 544, 557 (2007)).  Plaintiff includes William Gore
21  presumably because he is the Sheriff and therefore responsible for supervising the
22  SDCJ's medical staff.  However, Plaintiff includes no details whatsoever as to what
23  Sheriff Gore specifically did, or failed to do, which resulted in the violation of his
24  constitutional rights.

25       Thus, if Plaintiff seeks to sue Sheriff Gore by virtue of his supervisory duties
26  over the medical officials at SDCJ, his pleading must include sufficient "factual
27  content that allows the court to draw the reasonable inference that the defendant is
28  liable for the misconduct alleged," *Iqbal*, 662 U.S. at 678, and include a description

1   of personal acts by Sheriff Gore which show a direct causal connection to a violation

2   of specific constitutional rights. *Taylor*, 880 F.2d at 1045.

3         Plaintiff's Complaint similarly lacks the requisite specific factual content

4   showing that Dr. Itshizeme, CMO Jousha, RN 3575, or RN 3255, may be held

5   personally liable for any misconduct. The Complaint therefore fails to state a claim

6   for relief that is plausible on its face as to any of the listed Defendants.

7         Thus, the Court finds Plaintiff's Complaint sets forth no facts which might be

8   liberally construed to support any sort of individualized constitutional claim against

9   any Defendant, all of whom Plaintiff purportedly seeks to sue based on the positions

10  they hold and not because of any individually identifiable constitutional misconduct

11  alleged to have caused Plaintiff injury. Accordingly, Plaintiff's Complaint is

12  **DISMISSED** without prejudice.

13        **C.    Inadequate Medical Care Claims**

14        Because Plaintiff does include facts to suggest he wishes to pursue a claim

15  based on an alleged denial of his right to adequate medical care while detained, the

16  Court notes that only "deliberate indifference to a prisoner's serious illness or injury

17  [will] state[] a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105

18  (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir.

19  2010).

20        First, Plaintiff must allege a "serious medical need" by demonstrating that

21  "failure to treat [his] condition could result in further significant injury or the

22  'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050,

23  1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104

24  F.3d 1133 (9th Cir. 1997) (en banc). The "existence of an injury that a reasonable

25  doctor or patient would find important and worthy of comment or treatment; the

26  presence of a medical condition that significantly affects an individual's daily

27  activities; or the existence of chronic and substantial pain are examples of indications

28  that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-60.

"Deliberate indifference" is evidenced only when a prisoner can show that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, Plaintiff contends he suffers from a "degenerated knee," osteoporosis, and arthritis, and that the pain caused by these conditions was severe enough to require prescription pain medication while he was "on the streets." (*See* Compl. at 3, 4, 5). Thus, the Court will assume, only for purposes of screening pursuant to 28 U.S.C. § 1915A, that he had a serious medical need in September 2014 when he was booked into SDCJ. *See McGuckin*, 974 F.2d at 1059; *Glass v. Goodrick-Reynaga*, No. 1:09-CV-02109 JLT, 2010 WL 5232965, at *4 (E.D. Cal. Dec. 16, 2010) (finding prisoner's degenerative spine and arthritis a serious medical condition); *see also Washington v. Brown*, 2009 U.S. Dist. LEXIS 6846, at *39 (E.D. Cal. Jan. 21, 2009) (finding it undisputed that "chronic arthritis constitutes a serious medical need.").

However, even assuming Plaintiff's medical condition and/or pain was sufficiently serious to invoke Eighth or Fourteenth Amendment protection, he must also include in his pleading enough factual content to show that each Defendant he seeks to hold liable acted with "deliberate indifference" to his needs. As currently pleaded, Plaintiff's Complaint alleges only that he was "receiving pain medication while on the streets," but that he missed an appointment to renew his prescription due

to his incarceration.  (Compl. at 3).  Exhibits attached to his Complaint show, however, that while Plaintiff filed several sick call requests requesting "Perco[c]et" and oxycodone for his pain, he was examined by a doctor on October 2, 2014, who was unable to find any record of Plaintiff "taking any narcotic pain medication" prior to incarceration.  (*Id.* at 11-14, 16, 18).

While Plaintiff may not have agreed with SDCJ medical staff's assessment of his need for narcotic medication to treat his pain, his disagreement, without more, does not provide sufficient "factual content" to plausibly suggest that any party named as a Defendant in this case acted with deliberate indifference.  *See Snow*, 681 F.3d at 987 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.").  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)) (internal quotation marks omitted).

Accordingly, the Court finds that Plaintiff has failed to adequately allege an inadequate medical care claim upon which section 1983 relief can be granted. Plaintiff's Complaint is therefore **DISMISSED** without prejudice.  Because he is proceeding *pro se*, however, the Court, having now provided him with "notice of the deficiencies in his complaint," also **GRANTS** Plaintiff an opportunity to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP is **GRANTED**.

2. The Watch Commander at the SDCJ, or his designee, is **DIRECTED** to collect from Plaintiff's trust account the total $350 filing fee owed in this case by

forwarding the initial fee assessed in this Order, if sufficient funds exist, and thereafter assessing monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income.  All payments must be forwarded to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2) and MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  The Clerk of the Court is **DIRECTED** to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101-3904.

**IT IS FURTHER ORDERED** that:

4.  Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted.  However, Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading.  *See* CivLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

DATED: February 6, 2015

HON. ROGER T. BENITEZ
United States District Judge